Ryder *et al. v.* Twiss.

SIMEON RYDER *et al.*, plaintiffs in error, *v.* MOSES N. TWISS, defendant in error.

*Error to Madison.*

The rules of practice of the Supreme Court do not require that the *scire facias* to hear errors should be served any specified number of days before the term.

Where a writ of error, issued on the 5th of May, returnable on the 1st Monday of June, was served on the defendant in error on the 27th of May, and judgment was taken, by default, on the 10th of June, for not joining in error: *Held,* that the service was in due time, there being more than ten days between the issuing of the *scire facias,* and the first day of term, and that the plaintiffs in error, after assigning error, had a right to take a rule upon the defendant in error to join in error, and that he was bound to be in Court, and comply with the rule, or to suffer judgment to pass against him by default.

Where a judgment has been taken irregularly by default, the party against whom it operates, should avail himself of the first seasonable moment after the irregularity is discovered, to correct it. After delaying two terms, without showing reason for such delay, he cannot disturb the judgment.

Although the 23d rule requires that the assignment of errors and joinder should be written on, or directly appended to, the record in the cause, and no assignment of errors had been filed in the cause, when a default, for not joining in error, was taken, yet the Court will not disturb such default, after two terms have elapsed, when no notice of a motion to set aside the same has been given to the adverse party.

*Semble,* That upon motion to set aside a default or judgment, subsequent to the term at which it was taken, notice should be given to the adverse party.

BREESE, Justice, delivered the opinion of the Court :

This is a motion by James Shields, attorney for the defendant in error, to set aside a judgment rendered at the June term, 1840, for default of defendant's appearance, and to reinstate the cause on the docket, in the same condition in which it stood previous to the rendition of such judgment, for the following reasons assigned :

*First.* Because the writ of error in the cause, which issued on the fifth day of May, 1840, returnable on the first Monday of June, was served on the defendant in error on the twenty-seventh day of May, only five days before the first day of the said June term; and because judgment by default was taken on the tenth day of June, 1840 ; and

*Second.* Because judgment was taken for failing to join in error, whereas there was no assignment of error on file at the time, and the defendant in error not being required, by the rules of Court, to appear at said term, did not appear at that term.

It will be recollected that the rules of practice in this Court do not require that the *scire facias* to hear errors, which is the only process served on a defendant in error, (the writ of error remaining in the office,) should be served any specified number of days before the term. (1)

By the tenth rule, which governs this case, the service was in due time, there being more than ten days between the issuing of

(1) 1 Scam. xiii.

the *scire facias*, and the first day of term. The plaintiffs in error, then, had the right, after assigning errors, to take a rule upon the defendant to join in error, who was bound to be in Court, and comply with the rule. It was not complied with, although not taken by the plaintiffs until the eighth day of term, and twelve days after the service of process; consequently, the plaintiffs were entitled to their judgment by default, according to the terms of the twenty-fourth rule.

It is, however, urged that there was in fact no assignment of errors by the plaintiffs, on which to predicate a rule upon the defendant to join in error; and this is the second reason urged in support of the motion. The twenty-third rule requires that the assignment of errors and joinder shall be written on or directly appended to the record in the cause in which they are assigned. None appears in this case, and we have no knowledge that any was filed, yet the question arises, for this irregularity is this application in time? and if in time, should not notice of it be given to the opposite party?

Where a judgment has been taken irregularly, by default, as would appear to be the case here, the party against whom it operates, should avail himself of the first seasonable moment after the irregularity is discovered, to correct it. The defendant in error had the whole of June and December terms, in which to apply to the Court for that purpose. Not having done so, and showing to the Court no reason why he did not, he cannot now be permitted to disturb a judgment which was the result of his own laches.

As a rule of practice, the Court would suppose, that in motions like this, after such a lapse of time, the opposite party should have notice.

In the case decided at this term, of Pettus *et al. v.* Crow *et al.*, (1) the opposite party had notice of the motion, and although several terms had elapsed, after the default was taken, the motion to set it aside was allowed, on the ground that this Court had no jurisdiction in the case, no appeal bond having been filed, in pursuance of the order of the Circuit Court allowing the appeal.

*Motion denied.*